IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SEBRENIA S. HARDEN, | : |
| | : |
|     Plaintiff, | : |
| | : |
| v. | :  CIVIL ACTION NO. |
| | :  1:13-CV-03535-RWS |
| JP MORGAN CHASE BANK, | : |
| N.A., *et al.*, | : |
| | : |
|     Defendants. | : |

**ORDER**

This case comes before the Court on Defendant McCalla Raymer, LLC's Motion to Dismiss [3].[1] After reviewing the record, the Court enters the following Order.

**Background**

On April 23, 2009, Plaintiff Sebrenia S. Harden obtained a loan in the amount of $127,899 secured by real property located at 6580 Chiricahua Drive,

---

[1] Plaintiff filed another suit regarding the same subject matter on October 30, 2013. Pursuant to Defendant's motion, the Court consolidated cases 1:13-CV-03535-RWS [hereinafter "No. 3535"] and 1:13-CV-03993-RWS [hereinafter "No. 3993"] and will proceed with the former. The Court considers filings from both cases in resolving the present Motion to Dismiss [3].

Lithonia, Georgia 30038. (No. 3535, Ex. A, Dkt. [3-2].)[2] Plaintiff executed a security deed in favor of JP Morgan Chase Bank, N.A. ("Chase"). (Id.) Plaintiff alleges that the security deed declared Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee. (No. 3535, Compl., Dkt. [1-1] ¶ 20.) Plaintiff also alleges that Chase assigned the loan to MERS and that MERS later assigned the note to Chase. (Id. ¶¶ 24, 28-29, 31, 34-37). The security deed does not mention MERS, and Defendant McCalla Raymer, LLC ("McCalla") denies that any assignment occurred. (No. 3535, Ex. A, Dkt. [3-2]; No. 3993, Def.'s Dismissal Br., Dkt. [3-1] at 5-6.)

Plaintiff, proceeding *pro se*, filed suit in the Superior Court of DeKalb County, Georgia on September 26, 2013. (See No. 3535, Compl., Dkt. [1-1].) On October 30, 2013, Plaintiff filed another complaint in the Superior Court of DeKalb County, Georgia, apparently in response to another attempted sale of the property by Defendants. (See No. 3993, Compl., Dkt. [1-1] ¶ 81.) Defendant

---

[2] The Court may take judicial notice of public records without converting the present motion into one for summary judgment. Universal Express, Inc. v. S.E.C., 177 F. App'x 52, 53 (11th Cir. 2006) (stating that "[p]ublic records are among the permissible facts" of which a court may take judicial notice). Additionally, documents attached to a complaint are considered part of the complaint and may be examined by the courts if the documents are central to the plaintiff's claim and their authenticity is not challenged. Fed. R. Civ. P. 10(c); D.L. Day v. Taylor, 400 F.3d 1272, 1276 (11th Cir. 2005).

2

McCalla removed the first case to federal court on October 25, 2013, and the second case on December 2, 2013. McCalla moved to consolidate the two cases on December 27, 2013. The Court granted the motion on January 8, 2014.

Plaintiff asserts myriad state and federal claims against Defendants, nearly all of which appear to be premised on her allegations that the assignment of the security deed or loan from MERS to Chase or from Chase to MERS invalidated Chase's authority to foreclose on the property. According to Plaintiff, Chase had not been assigned the mortgage at the time of the foreclosure proceedings. (No. 3535, Compl. Dkt [1-1] ¶¶ 9, 16.) Furthermore, Plaintiff asserts that Defendants do not have standing to foreclose upon her and that Defendant McCalla exceeded its authority as agent for Defendant Chase. (No. 3993, Compl., Dkt. [1-1] ¶¶ 83, 100.)

Plaintiff specifically alleges multiple claims against Defendants, but also appears to assert multiple claims not specifically identified in her complaint. Defendant McCalla identified these specific and implied claims as: (1) wrongful foreclosure; (2) attempted wrongful foreclosure; (3) breach of contract; (4) negligent servicing; (5) fraud; (6) violations of the Real Estate Settlement Procedures Act ("RESPA"); (7) violations of the Truth in Lending Act ("TILA"); (8) civil RICO violations; (9) violations of the Fair Credit Reporting

3

Act ("FCRA"); (10) violations of the Fair Debt Collection Practices Act ("FDCPA"); and (11) unfair and deceptive business practices. Finally, Plaintiff petitions to quiet title in her favor in addition to requesting a declaratory judgment, injunctive relief, court costs, and special damages. McCalla filed a Motion to Dismiss [3] on November 1, 2013, arguing that Plaintiff has not provided sufficient notice of her claims against McCalla and has failed to state a claim upon which relief can be granted.[3]

## Discussion

**I.    Motion to Dismiss Legal Standard**

In handling a motion to dismiss brought under Federal Rule of Civil Procedure 12(b)(6), a federal court must accept as true "all facts set forth in the plaintiff's complaint." Grossman v. Nationsbank, N.A., 225 F.3d 1228, 1231 (11th Cir. 2000) (citation omitted). The court must draw all reasonable inferences from the facts in a light most favorable to the plaintiff. Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1271 n.1 (11th Cir. 1999); see also Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007) (citation omitted). However, when a pleading merely presents "'labels and conclusions' or 'a

---

[3] Defendant filed a similar Motion to Dismiss [3] on December 9, 2013 in response to Plaintiff's other suit before the Court consolidated the two cases.

formulaic recitation of the elements of a cause of action,'" the pleading does not meet the standard required by the Rule. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of further factual enhancement.'" Id. Furthermore, the court does not "accept as true a legal conclusion couched as a factual allegation." Twombly, 550 U.S. at 555.

Factual allegations presented in a pleading must be plausible. That is, the allegations must sufficiently "raise the right to relief above the speculative level." Id. at 556. This standard does not require a party to plead facts with such particularity to establish a significant probability that the facts are true, rather, it requires a party's pleading of facts to give rise to a "reasonable expectation that discovery will reveal evidence [supporting the claim]." Id.

In addition to viewing the facts in a manner favorable to the plaintiff, courts must be particularly liberal in construing facts from the pleadings of a *pro se* litigant. "*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Tannenbaum v. U.S., 148 F.3d 1262, 1263 (11th Cir. 1998) (citation omitted); see also Haines v. Kerner, 404 U.S. 519, 520 (1972) ("[W]e hold [the allegations of a *pro se* complaint] to less stringent standards than formal

5

proceedings drafted by lawyers . . . ."). However, this lower standard does not grant *pro se* parties "license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." Patterson v. Aiken, 841 F.2d 386, 387 (11th Cir. 1988) (citations omitted) (internal quotation marks omitted). "[E]ven in *pro se* cases, the Court is not permitted to serve as de facto counsel to a party or to rewrite an otherwise deficient pleading." Standifer v. S.E.C., 542 F. Supp. 2d 1312, 1316 (N.D. Ga. 2008). Motions are unopposed when, as here, the opposing party does not file a response. LR 7.1B, NDGa.

**II.     Defendant McCalla Raymer, LLC's Motion to Dismiss [3]**

A.     Plaintiff's Failure to Provide Proper Notice of Claims Against Defendant McCalla

McCalla maintains that the complaint should be dismissed on the grounds that it did not provide notice that McCalla was accused of wrongdoing. A complaint against a party must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The complaint must " 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.' " Twombly, 550 U.S. at 555 (citations omitted) (alteration in original).

6

McCalla's argument has merit. In her Complaint dated September 26, 2013, aside from naming McCalla as a party, Plaintiff does not mention McCalla by name until her prayer for relief, 34 pages into her Complaint. (See No. 3535, Compl., Dkt. [1-1].) Additionally, the Complaint makes no factual allegation specifically referencing any alleged wrongdoing on the part of McCalla. In fact, several allegations reference Defendant Chase only. (See id.) However, in her complaint dated October 30, 2013, Plaintiff makes specific mention of McCalla in her allegations of RICO violations. (No. 3993, Compl., Dkt. [1-1] ¶¶ 74-88.)

Even though Plaintiff does not mention McCalla in any of the allegations before her RICO claim, given the lenience afforded to *pro se* plaintiffs, the Court will not resolve McCalla's motion on this ground alone.

B.   Wrongful Foreclosure

"Georgia law requires a plaintiff asserting a claim of wrongful foreclosure to establish a legal duty owed to it by the foreclosing party, a breach of that duty, a causal connection between the breach of that duty and the injury it sustained, and damages." Heritage Creek Dev. Corp. v. Colonial Bank, 601 S.E.2d 842, 844 (Ga. Ct. App. 2004) (citing Calhoun First Nat'l Bank v. Dickens, 443 S.E.2d 837, 839 (Ga. 1994)). "Where a foreclosing party breaches

7

his statutory duty to exercise the power of sale fairly and in good faith, the debtor may sue for damages for wrongful disclosure." Racette v. Bank of Am., N.A., 733 S.E.2d 457, 462 (Ga. Ct. App. 2012) (citing Calhoun, 443 S.E.2d at 838). In order to show the injury was caused by the breach of duty and not her own acts or omissions, the plaintiff must not be in default on her mortgage. Carroll v. Bank of Am., N.A., No. 13-11461, 2013 WL 5834896, at *1 (11th Cir. Oct. 31, 2013).

Plaintiff has failed to establish that McCalla owed her a duty in the foreclosure process. Generally, a law firm owes no duty to its client's adversary. McKenna Long & Aldridge, LLP v. Keller, 598 S.E.2d 892, 894-95 (Ga. Ct. App. 2004). Plaintiff has not presented any facts that indicate McCalla owed her any legal duty in these circumstances. See Duncan v. CitiMortgage, Inc., No. 1:13-CV-1493-TWT, slip op. at *17 (N.D. Ga. Jan. 15, 2014) (holding that the plaintiffs failed to state a claim against the defendant when they did not set forth any factual allegations indicating that defendant owed plaintiffs a duty). Instead, Plaintiff's allegations show that McCalla acted solely as foreclosure counsel and did not have independent authority to foreclose. Accordingly, Plaintiff cannot state a claim for wrongful foreclosure against McCalla. See Vieira v. Citigroup, Inc., No. 1:12-CV-1636-TWT, 2012 WL

8

6194350, at *5 (N.D. Ga. Dec. 12, 2012) (holding that where a plaintiff has not alleged any duty owed to the plaintiff by a law firm representing a foreclosing party, "there is no possibility that the [p]laintiff can establish a claim against [the law firm] for wrongful foreclosure"); McCarter v. Bankers Trust Co., 543 S.E.2d 755, 758 (Ga. Ct. App. 2000) (concluding that lender's law firm owed no duty to the plaintiff when the lender had a right to foreclose on the property).

### C.   Attempted Wrongful Foreclosure

Plaintiff asserts that Defendants falsely advertised the sale of her property in a foreclosure announcement. (No. 3993, Compl., [1-1] ¶ 36.)  In order to establish a claim for attempted wrongful foreclosure in Georgia, a plaintiff must establish "a knowing and intentional publication of untrue and derogatory information concerning the debtor's financial condition, and that damages were sustained as a direct result of this publication." Aetna Fin. Co. v. Culpepper, 320 S.E.2d 228, 232 (Ga. Ct. App. 1984).

Plaintiff's complaint is fraught with conclusory statements and does not make any specific allegations pertaining to how any Defendant falsely advertised the sale, nor does she specify McCalla's involvement in the sale. Additionally, Plaintiff does not specify how the foreclosure advertisement concerns her financial condition or how the information in the advertisement

9

was untrue or derogatory. Furthermore, Plaintiff does not specify how she sustained any damages directly from the foreclosure advertisement. Accordingly, Plaintiff fails to state a claim for attempted wrongful foreclosure. See Jenkins v. McCalla Raymer, LLC, No. 1:10-CV-3732-CAP-AJB, 2011 U.S. Dist. LEXIS 95652, at *35 (N.D. Ga. July 28, 2011) (holding that plaintiffs failed to state a claim for wrongful foreclosure when they did not allege that untrue information about their financial condition was published).

### D.    Breach of Contract/Negligent Servicing

Plaintiff appears to allege a claim for breach of contract. (See No. 3993, Compl., Dkt. [1-1] ¶¶ 43-46.) She has not, however, alleged any facts indicating that a contract existed between her and McCalla or how McCalla breached that contract. McCalla was not a party to the loan or the security deed and served only as foreclosure counsel. Accordingly, Plaintiff fails to state a claim for breach of contract.

In addition to her claim for breach of contract, Plaintiff appears to allege a tort claim based on the negligent servicing of her loan. (See No. 3993, Compl., Dkt. [1-1] ¶ 49.) Under Georgia law, "[a]bsent a legal duty beyond the contract, no action in tort may lie upon an alleged breach of [a] contractual duty." See Fielbon Dev. Co., LLC v. Colony Bank of Houston Cnty., 660

10

S.E.2d 801, 808 (Ga. Ct. App. 2008) (internal citations omitted). "A plaintiff in a breach of contract case has a tort claim only where, in addition to breaching the contract, the defendant also breaches an independent duty imposed by law." Adams v. JPMorgan Chase Bank, No. 1:10-cv-04226-RWS, 2011 WL 2532925, at *4 (N.D. Ga. June 24, 2011) (citation omitted) (internal quotation marks omitted). Here, there was no contractual relationship between McCalla and Plaintiff, and Plaintiff has failed to show that McCalla owed her an independent duty imposed by law. Nor does Plaintiff even allege that McCalla was her loan servicer. Therefore, Plaintiff's negligent servicing claim fails against McCalla.

    E.    Fraud

Plaintiff also appears to allege a claim for fraud. (See No. 3993, Compl., Dkt. [1-1] ¶¶ 53-73.) In order to state a claim for fraud in Georgia, a plaintiff must show "(1) false representation made by the defendant; (2) scienter; (3) an intention to induce the plaintiff to act or refrain from acting in reliance by the plaintiff; (4) justifiable reliance by the plaintiff; [and] (5) damage to the plaintiff." Johnson v. GAPVT Motors, Inc., 663 S.E.2d 779, 783 (Ga. Ct. App. 2008). Additionally, a party faces a heightened standard when pleading fraud and "must state with particularity the circumstances constituting fraud or

11

mistake." FED. R. CIV. P. 9(b). In order to satisfy the rule, the complaint must specify:

> (1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud.

Haynes v. JPMorgan Chase Bank, N.A., 466 F. App'x 763, 765 (11th Cir. 2012). Although courts interpret *pro se* plaintiffs' pleadings with leniency, this leniency does not relieve the plaintiff from drafting pleadings conforming to the heightened pleading requirements for fraud. See id. at 765 (affirming denial of *pro se* plaintiff's request to amend his complaint because the proposed amended complaint would not satisfy the pleading requirements for fraud); Thomas v. Pentagon Fed. Credit Union, 393 F. App'x 635, 638 (11th Cir. 2010) (affirming dismissal of *pro se* complaint because plaintiff did not explain what terms of his promissory note were changed but merely alleged that the defendant mortgagee fraudulently changed the terms of the note). Additionally, the plaintiff's amended complaint in Thomas referenced a fraudulent omission but did not identify the "time and place of this omission, the person responsible

12

for making the omission, and what the defendants obtained as a consequence of the fraud." Id. at 638 (citation omitted).

Plaintiff fails to allege what, if any, false representations Defendant McCalla specifically made to her. Plaintiff also fails to allege scienter or an intention to induce her to act or refrain from acting. Indeed, Plaintiff makes no mention of McCalla throughout the entirety of her fraud allegations. Plaintiff thus fails to state a claim for fraud against McCalla.

### F. RESPA

Plaintiff appears to assert a claim under RESPA and mentions that she submitted a Qualified Written Request that was not answered in the statutory time period. (See No. 3535, Compl., Dkt. [1-1] ¶ 6; No. 3993, Compl., Dkt. [1-1] ¶ 100.) To the extent Plaintiff claims McCalla failed to respond to her requests for information or documents, her claim fails because "RESPA does not provide for such a claim against foreclosure counsel or its employees." Jackman v. Hasty, No. 1:10-CV-2485-RWS, 2011 WL 854878, at *4 (N.D. Ga. Mar. 8, 2011).

### G. TILA

Plaintiff also appears to assert a claim under TILA. (See No. 3535,

13

Compl., Dkt. [1-1] ¶ 5; No. 3993, Compl., Dkt. [1-1] ¶ 100.) In order to bring an action against a creditor under TILA for statutory damages, the debtor must bring the action "within one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e). "The violation 'occurs' when the transaction is consummated." Smith v. Am. Fin. Sys., 737 F.2d 1549, 1552 (11th Cir. 1984) (citations omitted). Plaintiff's loan was closed in April 2009, four years before she filed her Complaint; therefore, her claim is barred by the statute of limitations.

Additionally, Plaintiff is not entitled to equitable tolling of the statute of limitations. In order for a court to consider equitable tolling of the statute of limitations, plaintiffs must show: "(1) that the defendant engaged in a course of conduct designed to conceal evidence of its alleged wrongdoing; (2) that [plaintiff] was not on actual or constructive notice of that evidence; and [plaintiff] exercised due diligence." Simpson v. Countrywide Home Loans, Inc., No. 1:10-CV-0224-CAM-ECS, 2010 WL 3190693, at *5 (N.D. Ga. Apr. 26, 2010).[4] Plaintiff has not alleged any of these factors and has not shown that she exercised due diligence. Accordingly, Plaintiff fails to state a claim for

---

[4] The Court properly considers equitable tolling at this time because "courts may resolve issues of equitable tolling in a motion to dismiss." Simpson, 2010 WL 3190693 at *5 (citations omitted).

14

violations of TILA.[5]

### H. RICO

In order to state a claim for a RICO violation, a plaintiff must show "(1) that the defendant (2) through the commission of two or more acts (3) constituting a 'pattern' (4) of 'racketeering activity' (5) directly or indirectly invests in, or maintains an interest in, or participates in (6) an 'enterprise' (7) the activities of which affect interstate or foreign commerce." McCulloch v. PNC Bank, Inc., 298 F.3d 1217, 1225 (11th Cir. 2002). Georgia's RICO statute is modeled on the federal statute. Wylie v. Denton, 746 S.E.2d 689, 694 n.6 (Ga. Ct. App. 2013). There must be a "direct nexus between at least one of the predicate acts listed under the RICO Act and the injury [the plaintiff] purportedly sustained." Nicholson v. Windham, 571 S.E.2d 466, 468 (Ga. Ct. App. 2002). Civil RICO claims must be plead with the increased specificity required for fraud. Ambrosia Coal & Constr. Co. v. Pages Morales, 483 F.3d 1309, 1319 (11th Cir. 2009) (citations omitted). Although complaints by *pro se* plaintiffs are read with leniency, plaintiffs still must allege specific facts

---

[5] Plaintiff also references the Home Ownership Equity Protection Act ("HOEPA") in her Complaint. (See No. 3993, Compl., Dkt. [1-1] ¶ 100.) Any claim arising from HOEPA fails because Plaintiff's Complaint does not allege any facts showing that she meets the requirements for HOEPA, and like her claim under TILA, her allegations are barred by the statute of limitations. See 15 U.S.C. § 1640(e).

15

satisfying the heightened pleading requirements for RICO violations. See Dysart v. BankTrust, 516 F. App'x 861, 863-65 (11th Cir. 2013) (upholding dismissal of plaintiff's complaint because she failed to plead specific facts that an enterprise existed, that defendants were engaged in a pattern of racketeering activity, and that she suffered an injury due to the RICO violations).

Plaintiff does not allege any specific facts that indicate McCalla engaged in a pattern of racketeering activity. Plaintiff makes wholly conclusory allegations and does not support these allegations with specific facts establishing any elements of RICO. As such, Plaintiff's RICO claim fails.

I.   FCRA

Plaintiff appears to claim that McCalla violated the FCRA. (See No. 3535, Compl., Dkt. [1-1] ¶ 161.) "[T]he FCRA prohibits *furnishers of credit information* from providing false information." Peart v. Shippie, 345 F. App'x 384, 386 (11th Cir. 2009) (per curiam) (emphasis added) (citing 15 U.S.C. § 1681s-2(a)). An individual may bring a private claim against a furnisher only "after [the furnisher] has received notice of a dispute regarding the allegedly inaccurate information from a consumer reporting agency." Henderson v. BAC Home Loans, No. 1:10-CV-03137-TCB, 2011 WL 10843391, at *4 (N.D. Ga. June 29, 2011).

16

Plaintiff has not alleged that McCalla was a furnisher of credit information or that it received notice of a dispute from a consumer reporting agency. She appears to claim that Defendant Chase reported information to credit agencies, but she makes no reference to McCalla. Therefore, Plaintiff's FCRA claim fails.

### J.   FDCPA

Plaintiff alleges that Defendant Chase violated the FDCPA because it used "false, deceptive, or misleading representations" in relation to her foreclosure. (No. 3535, Compl., Dkt. [1-1] ¶ 109.) The FDCPA "applies only to debt collectors and not to creditors or mortgage servicers." Humphrey v. Washington Mut. Bank, F.A., No. 1:06-CV-1367-JOF, 2007 WL 1630639, at *2 (N.D. Ga. June 1, 2007). A party is not a debt collector if it is attempting to collect its own debt from the debtor. Id. "[E]nforcement of a security interest through the foreclosure process is not debt collection for purposes of the [FDCPA]." Warren v. Countrywide Home Loans, Inc., 342 F. App'x 458, 460 (11th Cir. 2009).

Plaintiff again makes no specific mention of McCalla in her FDCPA allegations. She has not alleged any facts showing that McCalla made any "false, deceptive, or misleading representations." Accordingly, Plaintiff fails to

17

state a claim for violations of the FDCPA.

### K. Unfair or Deceptive Acts or Practices

Plaintiff appears to allege that one or more Defendants engaged in unfair or deceptive acts or practices in violation of the Federal Trade Commission Act 15 U.S.C. § 45(a). Plaintiff appears to claim that Defendant Chase engaged in unfair or deceptive acts or practices by collecting fees that were not allowed under the mortgage contract or by law. (No. 3535, Compl., Dkt. [1-1] ¶¶ 72-78.) However, Plaintiff does not mention Defendant McCalla and does not allege any specific acts or practices committed by McCalla that were unfair or deceptive.

McCalla addresses potential allegations that might arise under the Georgia Fair Business Practices Act ("GFBPA") as well. The GFBPA precludes the use of "unfair or deceptive practices in the conduct of consumer transactions," but does not apply to "[a]ctions or transactions specifically authorized under laws administered by . . . any regulatory agency of this state of the United States." O.C.G.A. §§ 10-1-393(a), -396(1). This Court has previously held that the GFBPA is inapplicable to residential mortgage transactions. Jackman v. Hasty, No. 1:10-CV-2485-RWS, 2011 WL 854878, at *6 (N.D. Ga. Mar. 8, 2011). Because the GFBPA does not apply to the

18

servicing of mortgages and foreclosure sales, Plaintiff has failed to state a claim under the GFBPA. Consequently, Plaintiff states no plausible claims against McCalla, and therefore Defendant McCalla Raymer, LLC's Motion to Dismiss [3] is due to be **GRANTED**.

## Conclusion

In accordance with the foregoing, Defendant McCalla Raymer, LLC's Motion to Dismiss [3] is **GRANTED**.

**SO ORDERED**, this   28th   day of February, 2014.

_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)